# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| JOHN G. VECCHIO, et al., | ) | CASE NO. 5:11 CV 1989 |
|  | ) |  |
| Plaintiffs, | ) | JUDGE SARA LIOI |
|  | ) |  |
| v. | ) |  |
|  | ) | **MEMORANDUM OF OPINION** |
| CREDIT BASED ASSET SERVICING c/o | ) | **AND ORDER** |
| LITTON LOAN SERVICING, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

Plaintiffs John G. Vecchio, Elizabeth A. Vecchio, and the Andro Children's Trust, bring this *pro se* action against Defendant Credit Based Asset Servicing ("Credit Servicing"), asserting a violation of John G. Vecchio's right to due process. This claim is based on the following allegations: Credit Servicing filed a complaint in foreclosure against Elizabeth Vecchio and the Andro Children's Trust. John G. Vecchio was not included as a defendant in the foreclosure action, filed in the Summit County Court of Common Pleas, even though John and Elizabeth were married when the property was purchased. A judgment of foreclosure was nevertheless granted on September 14, 2010.[1] Plaintiffs seek an order vacating the foreclosure, an injunction preventing Defendant from pursuing foreclosure, return of purchase funds, and $6 million in punitive damages.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S.

---

[1] *See Credit Based Asset Servicing and Securitization c/o Litton Loan Servicing v. Elizabeth Vecchio*, Case No. CV-2007-12-8434 (http://www.cpclerk.co.summit.oh.us/Parties.asp?CaseID=CV2007128434&CT=C&Suffix=).

364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

Construing the Complaint liberally, it appears Plaintiffs are seeking relief  under 42 U.S.C.  § 1983 for the asserted violation of their constitutional rights. In *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), the Supreme Court stated that "the initial inquiry [in a section 1983 action] must focus on whether the two essential elements [...] are present: (1) whether the conduct complained of was committed by a person acting under color of State law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." The person acting under color of law is usually a State or local government official or employee. *Doyle v. Schumann*, No. 1:07CV3884, 2008 WL 397588, * 3 (N.D. Ohio, Feb. 11, 2008).

A plaintiff does not have a cause of action under § 1983 against a private party no matter how discriminatory or wrongful the party's conduct. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (citing *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). Given the most liberal construction, there is simply no suggestion in the Complaint that Credit Servicing, a private party, acted under color of state law.

Further, this Court cannot vacate the Summit County Common Pleas Court

---

[2] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v.*

judgment, nor enjoin the execution of the judgment. United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Id.* Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing a state court case is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates her federal rights. *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994). Federal jurisdiction cannot be invoked merely by couching the claims in terms of a civil rights action. *Lavrack v. City of Oak Park*, No. 98-1142, 1999 WL 801562, at *2 (6th Cir. Sept. 28, 1999); *see Valenti v. Mitchell*, 962 F.2d 288, 296 (3d Cir.1992).

The United States Sixth Circuit Court of Appeals has applied two elements to a Rooker-Feldman analysis. First, in order for the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding. *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998); *see Tropf v. Fidelity National Title Insurance Co.*, 289 F.3d 929, 937 (6th Cir. 2002). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." *Catz*, 142 F.3d at 293. The Rooker-Feldman doctrine applies when the party losing her case in state court files suit in federal district court seeking redress for

---

*Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

an injury allegedly caused by the state court's decision itself. *Coles v. Granville*, 448 F.3d 853, 857-59 (6th Cir. 2006). Second, the Rooker-Feldman doctrine precludes a district court's jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in plaintiff's particular case as opposed to a general constitutional challenge to the state law applied in the state action. *Id.*

In the present action, Plaintiffs essentially question the state court's decision granting foreclosure. Any review of federal claims asserted in this context would require the Court to review the specific issues addressed in the state court proceedings. This Court lacks subject matter jurisdiction to conduct such a review or grant the relief as requested. *Feldman*, 460 U.S. at 483-84 n. 16; *Catz*, 142 F.3d at 293.

For the foregoing reasons, the request to proceed *in forma pauperis* is granted, and this action is dismissed under section 1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: September 27, 2011

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

4